IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
NOV 21 2016
Clerk, U S District Court
District Of Montana
Missoula

| | |
|---|---|
| LARRY DEWAYNE ADAMS,<br><br>Petitioner,<br><br>vs.<br><br>TIMOTHY FOX, DOUGLAS FENDER,<br><br>Respondents. | Cause No. CV 16-144-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE |

This case comes before the Court on Larry Dewayne Adams' Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Adams is a state prisoner proceeding pro se.

I.  **Factual and Procedural Background**

The procedural history of Adams' state and federal filings is complex and spans a period of eighteen years, following his 1999 convictions for attempted aggravated assault and criminal possession of dangerous drugs in the Twenty-First Judicial District Court, Ravalli County. The original judgment was entered on February 17, 2000. The petition at hand is Adam's fourth in this Court. He filed the first in August of 2007. See, *Adams v. Mahoney*, CV-07-103-M-JCL, Pet. (filed Aug. 17, 2007). There he raised various challenges, including ineffective

1

assistance of trial counsel a violation of *Apprendi v. New Jersey*, 520 U.S. 466 (2000), among others. Adams was granted habeas relief on his *Apprendi* claim; all of the other claims were denied. See, *Adams v. Mahoney*, CV-07-103-M-JCL, Or. (filed Nov. 14, 2008); *Adams v. Mahoney*, CV-07-103-M-JCL, Or. (April 29, 2009); and *Adams v. Mahoney*, CV-07-103-M-JCL (Nov. 23, 2009). The *Apprendi* claim was sent back to the trial court with the directive that Adams be resentenced. In February of 2010, the 10-year enhancement that Adams had received for the use of a weapon in commission of the offense was removed. The end result being that Adams received a net sentence of 25 years in the Montana State Prison.

Adams filed a second federal habeas petition alleging counsel failed to appeal following his re-sentencing, that he was deprived of the transcripts and documents required for an appeal, that his sentence was unlawfully enhanced by a no-parole restriction, and that the trial court was biased and vindictive. See, *Adams v. Mahoney*, CV-10-113-DWM, Pet. (filed Oct. 5, 2010). The petition was dismissed without prejudice based upon Adams' for failure to exhaust his state remedies. *Adams v. Mahoney*, CV-10-113-DWM, Or. (D. Mont. Dec. 3, 2010).

Adams returned to this Court in August of 2013 with his third habeas petition. There he argued (1) that he was denied effective assistance of counsel when his attorney refused to file a direct appeal from the Second Amended Judgment and (2) that his conviction for criminal possession of dangerous drugs

2

violated due process because the evidence at trial was insufficient to prove him guilty beyond a reasonable doubt. *Adams v. Frink*, CV-13-178-JCL, Pet. (filed Aug. 22, 2013). This Court determined that the petition was untimely; Adams failed to establish he was entitled to equitable tolling or his actual innocence. *Adams v. Frink*, CV-13-178-JCL, Or. (Feb. 2, 2016).

In November of 2016, Adams filed the instant petition. Adams raises six claims: 1) trial counsel was ineffective for stating Adams was guilty of felony assault during the trial; 2) trial counsel was ineffective for failing to object to the State's inflammatory evidence and false statements; 3) appellate counsel erred by failing to challenge the officer's false testimony and inflammatory evidence ; 4) appellate counsel was ineffective for failing to raise Adams' right to personally appear at in-chambers conferences on appeal; 5) the State deliberately misrepresented evidence and elicited false testimony in order to inflame the jury and gain a conviction; and 6) appellate counsel was deficient for failing to raise claims of prosecutorial misconduct and judicial bias on appeal. See generally, *Adams v. Fox*, CV-16-144-DLC-JCL, Pet. (filed Nov. 10, 2016).

## II. Analysis

This Court must dismiss any claim which was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim

3

rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3)

The claims that Adams makes in his current petition challenge trial counsel and appellate counsel's effectiveness stemming from his 1999 trial and subsequent state proceedings. Although there was an amended judgment filed in February of 2010, there was nothing preventing Adams from raising the claims in his present petition in either his 2010 or 2013 federal habeas petitions. If the 2013 petition was deemed to be untimely, certainly the claims he raises now are even more untimely. And while timeliness could serve as a potential bar to this Court hearing the merits of Adams' present claims, it is the successive nature of the petition which deprives this Court of jurisdiction.

"[B]oth 2254(b)'s text and the relief it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Magwood v. Patterson*, 561 U.S. 320, 332-3, 130 S. Ct. 2788, 2797, 177 L. Ed. 2d 592 (2010). In *Hill v. State of Alaska*, the Circuit determined that the phrase "second or successive" was a term of art derived from the "abuse-of-the-writ" doctrine predating AEDPA. 297 F. 3d 895, 897-898 (9th Cir. 2002). Hill had originally filed a habeas petition attacking his conviction and sentence, subsequently, he was denied parole and sought to challenge the denial in a second

habeas petition. *Id.*, at 987. The court held that just because "a prisoner has previously filed a federal habeas petition does not necessarily render a subsequent petition 'second or successive.'" *Id.*, at 898. The court, following other circuits, reasoned that "if the prisoner did not have an opportunity to challenge the state's conduct in a prior petition" it should not be deemed second or successive. *Id.*

But, as set forth above, Adams had the opportunity to challenge the very conduct with which he now takes issue in a prior petition. Thus, this petition is second or successive. 28 U.S.C. § 2244(b)(2) sets forth narrow exceptions to the second or successive bar. The exceptions are limited to new rules of constitutional law, § 2244(b)(2)(A), or newly discovered facts that establish actual innocence, § 2244(b)(2)(B). Even if Adams were able to establish a valid exception, those may not be asserted for the first time in the district court. Adams is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Until Adams obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court has no jurisdiction to hear his claims. *Burton*

5

*v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

### Recommendation

1. Mr. Adams' Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Adams may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Adams must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 21st day of November, 2016.

_____
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

7