IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION
FILED
JAN 12 2017
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| LARRY DEWAYNE ADAMS, Petitioner, vs. TIMOTHY FOX, DOUGLAS FENDER, Respondents. | CV 16–144–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this case on November 21, 2016, recommending that Plaintiff Larry Dewayne Adams' ("Adams") petition under 28 U.S.C. § 2254 for writ of habeas corpus be denied for lack of jurisdiction. Adams timely filed an objection to the findings and recommendations, and so is entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a

-1-

"definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Having reviewed Adams' objections, the Court finds that Adams claims his constitutional rights have been violated, but does so in a second or successive petition. Adams previously filed habeas petitions before this Court in 2010 and 2013. However, he argues that because he has presented a showing of actual innocence and because his arguments rest on new law, his second or successive petition is warranted. Adams cites to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), to support his argument that the United States Supreme Court has found for ineffective assistance of counsel in federal habeas petitions such as his, and that these cases are "new law" according to 28 U.S.C. § 2244(b)(2).

Under 28 U.S.C. § 2244(b)(2), a new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or a petitioner's actual innocence. However, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). Thus, even if the cases cited by Adams support the narrow

exception to the second or successive habeas petition bar, a prisoner wishing to file a successive habeas petition in federal district court must first receive authorization from the Court of Appeals. Therefore, this Court does not have jurisdiction until Adams appropriately appeals to the Ninth Circuit Court of Appeals.

Finally, the Court agrees with Judge Lynch's determination that there is no doubt this Court lacks jurisdiction and thus a certificate of appealability is not warranted.

IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 5) are ADOPTED IN FULL. Adams's petition for writ of habeas corpus (Doc. 1) is DENIED

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate document a judgment of DISMISSAL.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 12th day of January, 2017.

Dana L. Christensen, Chief Judge
United States District Court